UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

1. **TITLE OF CASE (NAME OF FIRST PARTY ON EACH SIDE ONLY)** _Bittner v Opteg Inc_

2. **CATEGORY IN WHICH THE CASE BELONGS BASED UPON THE NUMBERED NATURE OF SUIT CODE LISTED ON THE CIVIL COVER SHEET. (SEE LOCAL RULE 40.1(A)(1)).**

    ___ I.  160, 410, 470, R.23, REGARDLESS OF NATURE OF SUIT.

    ✓ II.  195, 368, 400, 440, 441-444, 540, 550, 555, 625, 710, 720, 730,    *Also complete AO 120 or AO 121
              740, 790, 791, 820*, 830*, 840*, 850, 890, 892-894, 895, 950.    for patent, trademark or copyright cases

    ___ III. 110, 120, 130, 140, 151, 190, 210, 230, 240, 245, 290, 310,
              315, 320, 330, 340, 345, 350, 355, 360, 362, 365, 370, 371,
              380, 385, 450, 891.

    ___ IV.  220, 422, 423, 430, 460, 510, 530, 610, 620, 630, 640, 650, 660,
              690, 810, 861-865, 870, 871, 875, 900.

    ___ V.   150, 152, 153.

3. **TITLE AND NUMBER, IF ANY, OF RELATED CASES. (SEE LOCAL RULE 40.1(G)). IF MORE THAN ONE PRIOR RELATED CASE HAS BEEN FILED IN THIS DISTRICT PLEASE INDICATE THE TITLE AND NUMBER OF THE FIRST FILED CASE IN THIS COURT.**

4. **HAS A PRIOR ACTION BETWEEN THE SAME PARTIES AND BASED ON THE SAME CLAIM EVER BEEN FILED IN THIS COURT?**    YES    (NO)

5. **DOES THE COMPLAINT IN THIS CASE QUESTION THE CONSTITUTIONALITY OF AN ACT OF CONGRESS AFFECTING THE PUBLIC INTEREST?    (SEE 28 USC §2403)**    YES    (NO)

    **IF SO, IS THE U.S.A. OR AN OFFICER, AGENT OR EMPLOYEE OF THE U.S. A PARTY?**    YES    NO

6. **IS THIS CASE REQUIRED TO BE HEARD AND DETERMINED BY A DISTRICT COURT OF THREE JUDGES PURSUANT TO TITLE 28 USC §2284?**    YES    (NO)

7. **DO ALL OF THE PARTIES IN THIS ACTION, EXCLUDING GOVERNMENTAL AGENCIES OF THE UNITED STATES AND THE COMMONWEALTH OF MASSACHUSETTS ("GOVERNMENTAL AGENCIES"), RESIDING IN MASSACHUSETTS RESIDE IN THE SAME DIVISION? - (SEE LOCAL RULE 40.1(D)).**    (YES)    NO

    A. **IF YES, IN WHICH DIVISION DO ALL OF THE NON-GOVERNMENTAL PARTIES RESIDE?**

       (EASTERN DIVISION)    CENTRAL DIVISION    WESTERN DIVISION

    B. **IF NO, IN WHICH DIVISION DO THE MAJORITY OF THE PLAINTIFFS OR THE ONLY PARTIES, EXCLUDING GOVERNMENTAL AGENCIES, RESIDING IN MASSACHUSETTS RESIDE?**

       EASTERN DIVISION    CENTRAL DIVISION    WESTERN DIVISION

    **(PLEASE TYPE OR PRINT)**
    **ATTORNEY'S NAME** _Howard Wilgoren_
    **ADDRESS** _179 Union Ave. Framingham MA 01702_
    **TELEPHONE NO.** _508-626-8600_

    (Cover sheet local.wpd - 11/27/00)

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Edwin James Bittner

## DEFENDANTS
Optos, Inc

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    State of Washington
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Middlesex
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Howard Wilgoren
179 Union Ave
Framingham MA 01702

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify)   ☐ 6 Multidistrict Litigation   ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

### CONTRACT
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability

### TORTS
**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury — Med. Malpractice
- ☐ 365 Personal Injury — Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

### CIVIL RIGHTS
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 440 Other Civil Rights

### REAL PROPERTY
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

### PRISONER PETITIONS
- ☐ 510 Motions to Vacate Sentence
**HABEAS CORPUS:**
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

### FORFEITURE/PENALTY
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

### LABOR
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☒ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

### BANKRUPTCY
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

### PROPERTY RIGHTS
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

### SOCIAL SECURITY
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

### FEDERAL TAX SUITS
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS – Third Party 26 USC 7609

### OTHER STATUTES
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

Violation of the Family and Medical Leave Act by failing to allow leave pursuant to statute and retaliatory termination of employment

## VII. REQUESTED IN COMPLAINT:
CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____    DOCKET NUMBER _____

DATE  11/15/04

SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT # _____    AMOUNT _____    APPLYING IFP _____    JUDGE _____    MAG. JUDGE _____

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* 04 _ 2 4 6 5 MLW

EDWIN JAMES BITTNER                         \*
                                            \*
            Plaintiff        MAGISTRATE JUDGE Dein
                                            \*
v.                                          \*          CIVIL ACTION NO.
                                            \*
OPTOS INC.,                                 \*
            Defendant                       \*
                                            \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

RECEIPT # _____
AMOUNT $ 150
SUMMONS ISSUED (2)
LOCAL RULE 4.1 _____
**COMPLAINT AND DEMAND FOR JURY TRIAL** WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 11/22/04

## I.     INTRODUCTION

This action is brought by **EDWIN JAMES BITTNER**   against

**OPTOS INC**, his former employer.  Edwin Bittner alleges that Optos, Inc violated

the provisions of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601

et seq by refusing his requests for a leave as authorized by the statute and by

terminating his employment in retaliation for the exercise of his right to request a

leave as authorized by the statute.  Plaintiff also seeks repayment of a payment

made for the purchase of stocks in Optos, Inc., which were never provided by

Optos, Inc., to Mr. Bittner.

## II.     JURISDICTION

1.      The claims asserted herein arise under and pursuant to the Family

and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq This Court has

jurisdiction of this action pursuant to 29 U.S.C. 1132(f), 29 U.S.C. § 1132(e) (1),

and 28 U.S.C. § 1331 and § 1367. The Court also has pendant jurisdiction over the related state law claims.

2.    Venue is proper in this district under 29 U.S.C. § 1132(e) (2), in that the breaches of duty and violations alleged herein occurred in this district. The Court also has jurisdiction over the lawsuit under 28 U.S.C. §1332 because the plaintiff and the defendants are citizens of different states, and the amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars.

### III.    PARTIES

3.    Plaintiff EDWIN BITTNER, (Hereinafter, "Bittner") is a resident of Freeland, Washington. Plaintiff was an employee of Defendant, Optos, Inc, from May 21, 2002 until his employment was unlawfully terminated on October 31, 2003.

3.    Defendant, OPTOS, INC., (Hereinafter, "Optos") is a Delaware corporation and has a place of business in    Marlborough, Middlesex County, Massachusetts.

### IV.    STATEMENT OF FACTS

4.    Mr. Bittner was employed by Optos as a Field Service Engineer for the Northwest, from May 21, 2002 until he was unlawfully terminated on October 31, 2003. During the course of his employment Mr. Bittner at all times performed the duties of his position in an outstanding manner.

5.    On or about August 29, 2003 Mr. Bittner and his wife completed the process to be licensed as Foster Parents.

2

6.    On or about September 23, 2003 Mr. Bittner and his wife received a foster child placement. Mr. Bittner requested a one week Family and Medical Leave of absence from his supervisor, Dennis Nilan, for the purpose of caring for a foster child.  Mr. Nilan denied the request stating, "Not if you want to keep your job."

7.    On or about October 23, 2003 Mr. Bittner and his wife received a placement of a foster child who they intend to adopt. The child was born positive for cocaine and had other serious medical issues at birth.  Mr. Bittner again requested a Family and Medical Leave of absence from his supervisor, Dennis Nilan.  Mr. Nilan denied that request.

8.    On October 31, 2003 Mr. Bittner contacted a representative of defendant's Human Resources Department. He was advised that he could not be denied a leave of absence given the circumstances.   After concluding the conversation with Mr. Bittner, the Human Resources representative called Mr. Nilan.

9.    Five minutes after speaking with the Human Resources representative Mr. Nilan called Mr. Bittner. Mr. Nilan stated, "F**k you, you're a pain ... you're out of here" Mr. Bittner's employment was terminated that day.

10.    On or about April 8, 2004 Mr. Bittner sent Optos, Inc., a check in the amount of $4,603.51 for the exercise of stock options representing the purchase of 5000 shares of Optos stock. Although the check was cashed by Defendant, to date Mr. Bittner has not received the stock certificates or any other information evidencing the purchase of the stocks on Mr. Bittner's behalf.

3

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993

11.     Plaintiff realleges the allegations set forth in paragraphs one through ten above as if fully stated herein.

12.     The Plaintiff properly made requests for leave pursuant to the Family and Medical Leave Act for the foster care placement of a child. Defendant denied those requests.

13.     Defendant terminated plaintiff's employment in retaliation for exercising his rights as protected by the Family and Medical Leave Act of 1993.

14.     The defendant's actions as herein stated amounted to significant and substantial violations of Plaintiff's rights as protected by the Family and Medical Leave Act of 1993.

## COUNT II
## CONVERSION

15.     Plaintiff realleges the allegations set forth in paragraphs one through fourteen above as if fully stated herein.

16.     On or about April 8, 2004 Plaintiff sent defendant a check for $4,603.51 pursuant to Defendant's solicitation for the purchase of stock in the Defendant.     Defendant cashed Plaintiff's check but to date has failed and refused to provide any evidence that the stock was purchased on Plaintiff's behalf.

17.     Plaintiff has requested the return of $4,603.51. To date Defendant has failed and refused to return the money.

4

18.    Defendant has converted to its own use the amount of Four Thousand Six Hundred Three ($4,603.51) Dollars, the property of Plaintiff.

WHEREFORE, the plaintiff demands judgment against defendants as follows:

1.    All wages and benefits lost by Plaintiff from October 31, 2003 to the present.

2    Interest on the amount described in the preceding paragraph.

3.    Punitive damages in an amount equal to that awarded in the preceding two paragraphs.

4.    Attorney's Fees.

5.    Interest on the Judgment.

5.    Costs of this action.

6,    Such further relief as this honorable Court deems just.

THE PLAINTIFF IN THE ABOVE ENTITLED ACTION DEMANDS A TRIAL BY JURY.

EDWIN JAMES BITTNER,
Plaintiff
By his Attorney,

HOWARD I. WILGOREN
179 Union Avenue
Framingham, MA 01702
(508) 626 - 8600
BBO No.  527840

DATED:    November 17, 2004

5