UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| EDWIN JAMES BITTNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NO. 04-12465MLW |
| v. ) | |
| ) | |
| OPTOS, INC., ) | |
| ) | |
| Defendant. ) | |

## ANSWER TO COMPLAINT

Defendant Optos, Inc., by its undersigned attorneys, hereby responds to the allegations in Plaintiff's Complaint and Demand for Jury Trial (the "Complaint") as follows:

### I.  INTRODUCTION

The Introduction to the Complaint merely characterizes Plaintiff's causes of action and, therefore, no response is required.  To the extent there exist any factual allegations in the Introduction, however, Defendant denies the same.

### II.  JURISDICTION

1. The allegations contained in Paragraph 1 state conclusions of law to which no responsive pleading is required.

2. The allegations contained in Paragraph 2 state conclusions of law to which no responsive pleading is required.

### III.  PARTIES

3. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 3 of the Complaint and therefore denies the same.  Defendant admits only that Plaintiff was an employee of Defendant

from May 22, 2002 until November 11, 2004 and denies the remaining allegations contained in the second sentence of Paragraph 3 of the Complaint.

3. [sic] Defendant admits the allegations contained in Paragraph 3 [sic] of the Complaint.

## IV.   STATEMENT OF FACTS

4.   Defendant admits only that Plaintiff was employed by Defendant in the position of Field Service Engineer from May 22, 2002 until November 11, 2004 and denies the remaining allegations contained in the first sentence of Paragraph 4 of the Complaint. Defendant denies the allegations contained in the second sentence of Paragraph 4 of the Complaint.

5.   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained Paragraph 5 of the Complaint and therefore denies the same.

6.   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first sentence of Paragraph 6 of the Complaint and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.   Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in the first and second sentences of Paragraph 7 of the Complaint and therefore denies the same.  Defendant denies the remaining allegations contained in Paragraph 7 of the Complaint.

8.   Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.   Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10. Defendant admits only that Plaintiff sent Defendant a check for $4,603.51 on or about April 8, 2004. Defendant denies the remaining allegations contained in Paragraph 10 of the Complaint.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993

11. Defendant restates and incorporates by reference its responses to Paragraphs 1-10 as if fully set forth herein.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13. Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14. The allegations contained in Paragraph 14 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

## COUNT II
## CONVERSION

15. Defendant restates and incorporates by reference its responses to Paragraphs 1-14 as if fully set forth herein.

16. Defendant admits only that Plaintiff sent Defendant a check for $4,603.51 on or about April 8, 2004 and denies the remaining allegations contained in the first sentence of Paragraph 16 of the Complaint. Defendant denies the allegations contained in the second sentence of Paragraph 16 and further states that it gave Plaintiff the option either to receive a stock certificate in connection with his purchase of Defendant's stock or to be reimbursed the amount he paid for such stock.

17. Defendant admits only that by virtue of filing the instant action the Plaintiff has requested the return of the $4,603.51 and Defendant denies the remaining allegations contained in Paragraph 17 of the Complaint.

18. The allegations contained in Paragraph 18 state conclusions of law to which no responsive pleading is required. To the extent a response is required, Defendant denies the allegations contained in Paragraph 18 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver and/or estoppel.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiff failed to mitigate damages, if any, he is not entitled to recover full damages.

### FIFTH AFFIRMATIVE DEFENSE

Count Two is barred because Defendant has offered Plaintiff payment in full for all amounts claimed.

### SIXTH AFFIRMATIVE DEFENSE

Count Two is barred, in whole or in part, by the doctrine of accord and satisfaction.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant reserves the right to raise additional affirmative defenses.

**WHEREFORE**, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award Defendant its attorneys' fees and costs in defending this action and any other relief this Court deems just and proper.

    Respectfully submitted,

    **OPTOS, INC.**

    By its attorneys,

    /s/ Brian P. Pezza
    Adam P. Forman  (BBO #560360)
    Brian P. Pezza  (BBO #651076)
    TESTA, HURWITZ & THIBEAULT
    125 High Street
    Boston, MA  02110
    (617) 248-7000

Dated:  December 21, 2004

PEZZABP\6155\1.3157719_1