UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*

**EDWIN JAMES BITTNER**          \*
                                  \*
    **Plaintiff**           \*
                                  \*
v.                                \*     CIVIL ACTION NO.
                                  \*     04-12465-MLW
**OPTOS INC.,**                   \*
                                  \*
    **Defendant**           \*
                                  \*

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*\*\*\*\*\*

**MOTON TO AMEND THE COMPLAINT**

Now comes Edwin James Bittner, plaintiff in the captioned matter by his undersigned attorney, and moves this Honorable Court to allow him to file an amended complaint and demand for jury trial as set forth in Attachment A attached hereto. As grounds for granting the motion Plaintiff states:

1. Plaintiff originally filed his complaint in the captioned matter setting forth, a claim against defendant for violation of the Family and Medical Leave Act.

2. On August 10, 2005 defendant took the plaintiff's deposition. As a result of the deposition it became apparent to the undersigned that Mr. Bittner has a bona fide claim against defendant for failure to pay overtime pay in violation of the Fair Labor Standards Act. At the deposition Mr. Bittner testified that he regularly worked in excess of forty hours per week and often worked sixty to seventy hours per week while in defendant's

employ.

3.     The amended complaint attached hereto more specifically sets forth the plaintiff's claim and clarifies the issue for the defendants and the Court.

4.     Leave to amend the complaint should be liberally approved as aiding in the processing of the case.

5.     The interests of judicial economy and convenience to the parties militate in favor of allowing the instant motion to amend the complaint rather than have two separate actions.

5.     Defendants are not prejudiced by the granting of the instant motion to amend the complaint and demand for jury trial.

WHEREFORE, it is respectfully submitted that the instant motion be allowed.

Respectfully submitted,

Edwin James Bittner
By His Attorney,


s/Howard I. Wilgoren

HOWARD I. WILGOREN
6 Beacon St., Suite 700
Boston, MA 02108
(617) 523 - 5233
BBO No.  527840

**DATED:**

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing document was served upon the attorney of record for each party by first class mail this 28th day of September 2005.

s/Howard I. Wilgoren
_____
HOWARD I WILGOREN

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
* * * * * * * * * * * * * * * * * * * * * * *****
EDWIN JAMES BITTNER          *
                             *
         Plaintiff           *
                             *
v.                           *           CIVIL ACTION NO.
                             *           04-12465-MLW
OPTOS INC.,                  *
         Defendant           *
                             *
* * * * * * * * * * * * * * * * * * * * * * ******
```

**FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL**

I.   **INTRODUCTION**

This action is brought by **EDWIN JAMES BITTNER** against **OPTOS INC**, his former employer. Edwin Bittner alleges that Optos, Inc violated the provisions of the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq by refusing his requests for a leave as authorized by the statute and by terminating his employment in retaliation for the exercise of his right to request a leave as authorized by the statute. Plaintiff also alleges pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 216 (b), that he is: entitled to unpaid wages from Defendant for overtime work for which he did not receive any overtime premium pay, and (iii) entitled to liquidated damages pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 201 et <u>seq.</u>

## II.   JURISDICTION

1. The claims asserted herein arise under and pursuant to the Family and Medical Leave Act of 1993, 29 U.S.C. §§ 2601 et seq This Court has jurisdiction of this action pursuant to 29 U.S.C. 1132(f), 29 U.S.C. § 1132(e) (1), and 28 U.S.C. § 1331 and § 1367.  In addition, the Court has jurisdiction over Plaintiffs' claims under the Fair Labor Standards Act pursuant to 29 U.S.C. § 216 (b).

Venue is proper in this district under 29 U.S.C. § 1132(e) (2), in that the breaches of duty and violations alleged herein occurred in this district.  The Court also has jurisdiction over the lawsuit under 28 U.S.C. §1332 because the plaintiff and the defendants are citizens of different states, and the amount in controversy exceeds Seventy Five Thousand ($75,000.00) Dollars.

## III.   PARTIES

3. Plaintiff EDWIN BITTNER, (Hereinafter, "Bittner") is a resident of Freeland, Washington.  Plaintiff was an employee of Defendant, Optos, Inc, from May 21, 2002 until his employment was unlawfully terminated on October 31, 2003.

3. Defendant, OPTOS, INC., (Hereinafter, "Optos") is a Delaware corporation and has a place of business in   Marlborough, Middlesex County, Massachusetts.

## IV.   STATEMENT OF FACTS

4. Mr. Bittner was employed by Optos as a Field Service Engineer for the Northwest, from May 21, 2002 until he was unlawfully terminated on October

31, 2003. During the course of his employment Mr. Bittner at all times performed the duties of his position in an outstanding manner.

5. On or about August 29, 2003 Mr. Bittner and his wife completed the process to be licensed as Foster Parents.

6. On or about September 23, 2003 Mr. Bittner and his wife received a foster child placement. Mr. Bittner requested a one week Family and Medical Leave of absence from his supervisor, Dennis Nilan, for the purpose of caring for a foster child. Mr. Nilan denied the request stating, "Not if you want to keep your job."

7. On or about October 23, 2003 Mr. Bittner and his wife received a placement of a foster child who they intend to adopt. The child was born positive for cocaine and had other serious medical issues at birth. Mr. Bittner again requested a Family and Medical Leave of absence from his supervisor, Dennis Nilan. Mr. Nilan denied that request.

8. On October 31, 2003 Mr. Bittner contacted a representative of defendant's Human Resources Department. He was advised that he could not be denied a leave of absence given the circumstances. After concluding the conversation with Mr. Bittner, the Human Resources representative called Mr. Nilan.

9. Five minutes after speaking with the Human Resources representative Mr. Nilan called Mr. Bittner. Mr. Nilan stated, "F**k you, you're a pain … you're out of here" Mr. Bittner's employment was terminated that day.

10. Mr. Bittner received compensation in the amount of Fifty Five

Thousand ($55,000.00) Dollars per year. Mr. Bittner's job as a Field Service Engineer was not exempt from payment of overtime pay for hours worked in excess of forty each week.

11. Mr. Bittner regularly worked in excess of 40 hours a week and more each and every week he was employed by defendant, yet; Defendant willfully failed to pay Plaintiff overtime pay of one and one-half times their regular hourly rate.

## COUNT I
## VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT OF 1993

12. Plaintiff realleges the allegations set forth in paragraphs one through eleven above as if fully stated herein.

13. The Plaintiff properly made requests for leave pursuant to the Family and Medical Leave Act for the foster care placement of a child. Defendant denied those requests.

14. Defendant terminated plaintiff's employment in retaliation for exercising his rights as protected by the Family and Medical Leave Act of 1993.

15. The defendant's actions as herein stated amounted to significant and substantial violations of Plaintiff's rights as protected by the Family and Medical Leave Act of 1993.

## COUNT II
## VIOLATION OF THE FAIR LABOR STANDARDS ACT

16. Plaintiff realleges the allegations set forth in paragraphs one through fifteen above as if fully stated herein.

17      Plaintiff alleges and incorporates by reference the allegations in paragraphs 1 through 6 above.

18.     At all times relevant to this action, Plaintiff was employed by Defendant Optos within the meaning of the FLSA.

19.     At all times relevant to this action, Plaintiff was engaged in commerce and/or the production of goods for commerce and/or Defendant was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

20.     Defendant willfully failed to pay Plaintiff overtime compensation at rates not less than one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of 29 U.S.C. § 207 (a)(1).

21.     Due to Defendant's FLSA violations, Plaintiff is entitled to recover from Defendant his unpaid overtime compensation, an additional equal amount as liquidated damages, additional liquidated damages for unreasonably delayed payment of wages, reasonable attorneys' fees, and costs of the action, pursuant to 29 U.S.C. § 216 (b).

WHEREFORE, the plaintiff demands judgment against defendants as follows:

1.      All wages and benefits lost by Plaintiff from October 31, 2003 to the present.

2       Interest on the amount described in the preceding paragraph.

3. Punitive damages in an amount equal to that awarded in the preceding two paragraphs.

4. Declare Defendant's conduct complained of herein to be in violation of the Plaintiffs' rights under the FLSA.

5. Award Plaintiff his unpaid overtime compensation due under the FLSA;

6. Award Plaintiff an additional equal amount as liquidated damages because of Defendants' willful failure to pay overtime pay pursuant to 29 U.S.C. § 216;

7. Attorney's Fees.

8. Interest on the Judgment.

9. Costs of this action.

10, Such further relief as this honorable Court deems just.

THE PLAINTIFF IN THE ABOVE ENTITLED ACTION DEMANDS A TRIAL BY JURY.

                                     **EDWIN JAMES BITTNER,**
                                     **Plaintiff**
                                     By his Attorney,

                                     s/Howard I. WIlgoren
                                     HOWARD I. WILGOREN
                                     6 Beacon Street, Suite 700
                                     Boston MA 02108
                                     (617) 523 - 5233
                                     BBO No.  527840

DATED:     September 28, 2005

Case 1:04-cv-12465-MLW     Document 16-2     Filed 09/28/2005     Page 7 of 7